# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| NEIL TURNER and ) | |
| BOBBY "SHANNON" JONES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:10CV 55 LMB |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CONSERVATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action was originally filed in the Circuit Court of Ripley County, Missouri. On March 31, 2010, defendant removed the case to this court pursuant to 28 U.S.C. § 1446(a), alleging subject matter jurisdiction under 28 U.S.C. § 1331. Presently pending is Plaintiffs' Motion to Remand. (Documents Number 3, 4). Defendant has not filed a Response.

In their Motion to Remand, plaintiffs state that their First Amended Petition, filed on April 1, 2010 in the Circuit Court of Ripley County, Missouri, no longer involves a federal question. Specifically, plaintiffs state that the First Amended Petition does not contain allegations that they were denied due process of law in violation of the Fourteenth Amendment to the United States Constitution. Plaintiffs contend that this court no longer has subject matter jurisdiction because the First Amended Petition does not present a claim founded on a right arising under the laws of the United States. Plaintiffs thus request that the court remand this case to the Circuit Court of Ripley County, Missouri, pursuant to 28 U.S.C. § 1447(c).

Remand for lack of jurisdiction is governed by 28 U.S.C. § 1447, which, in pertinent part, provides:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447 (c). On a motion to remand, the burden of establishing federal subject matter jurisdiction lies with the removing party. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004).

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that, "federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

In this case, plaintiffs' original Petition alleged that defendant's regulations were vague, overly broad, indefinite, failed to establish sufficient standards and denied due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, § 10 of the Missouri Constitution. Plaintiffs' First Amended Petition, however, only alleges violations of Article I § 10 of the Missouri Constitution. As such, the First Amended Petition does not allege a claim that would give rise to federal question jurisdiction. Thus, the court will grant plaintiffs' Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Docs. No. 3, 4) be and it is **granted**.

**IT IS FURTHER ORDERED** that the instant cause of action is **remanded** to the Circuit Court of Ripley County, Missouri, for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court for the Eastern District of Missouri provide the Clerk of Court for the Circuit Court of Ripley County, Missouri a certified copy of this Order.

Dated this  28th  day of June, 2010.

/s/ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE